GLICKSTEIN, Judge.
This is an appeal by a real estate development company from a judgment entered in favor of a truss manufacturing company. We affirm.
The trial court found appellee to be a materialman under Florida’s mechanics’ lien law, obviating the necessity for its furnishing appellant with a contractor’s final affidavit. We, as did the trial court, agree with appellee’s contention that the repairs of trusses made by appellee and appellant's subcontractor at the site and the replacement of defective trusses by appellee at the site did not constitute "labor in the installation” of the trusses. In enacting section 713.01(11), Florida Statutes (1985), the Florida legislature did not include the language “labor at the job site.” Thus, we conclude appellee to be a materialman as defined by that statutory section and not a contractor subject to the requirement of furnishing a contractor’s affidavit pursuant to section 713.06(3)(d), Florida Statutes (1985).
Although all of the issues raised on appeal were duly considered, we do not believe that the others merit discussion.
HERSEY, C.J., and STONE, J., concur.